14-3727
*United States v. Colella*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand fifteen.

Present:      ROBERT A. KATZMANN,
                    *Chief Judge*,
               DENNY CHIN,
                    *Circuit Judge,*
               P. KEVIN CASTEL,
                    *District Judge.*[*]

---

UNITED STATES OF AMERICA,

   *Appellee*,

            - v -                                    No. 14-3727

ERMINIO COLELLA,

   *Defendant-Appellant,*

JOSEPH BRANDT, II, ADAM LIDEL, JONATHAN
BUFFUM, JONATHAN MAOR, JASON SARDO,
TIMOTHY DEARBORN, NANCY GREENE,

   *Defendants.*

---

[*] The Honorable P. Kevin Castel, of the United States District Court for the Southern District of New York, sitting by designation.

1

For Appellee:                                SOLOMON B. SHINEROCK, Assistant United States Attorney (Geoffrey J.L. Brown, Steven D. Clymer, Assistant United States Attorneys, of Counsel, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY.

For Defendant-Appellant:          GEORGE H. LOWE, Bond, Schoeneck & King, PLLC, Syracuse, NY.

Appeal from the United States District Court for the Northern District of New York (Scullin, *S.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the District Court is **AFFIRMED**.

Following a jury trial, Defendant-Appellant Erminio Colella was convicted of conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. § 846. The United States District Court for the Northern District of New York (Scullin, *S.J.*) sentenced Colella to 14 months imprisonment. On appeal, Colella argues that the District Court erred in failing to read his requested instruction to the jury. Colella contends that the jury should have been instructed on the "buyer-seller exception" to the general conspiracy rule, i.e., that buying and selling drugs by itself is insufficient to establish a conspiracy to distribute. *See, e.g.*, *United States v. Hawkins*, 547 F.3d 66, 71–72 (2d Cir. 2008).

"We review a district court's refusal to issue requested jury instructions de novo." *United States v. Desinor*, 525 F.3d 193, 198 (2d Cir. 2008). Nonetheless, "the trial court 'enjoys broad discretion in crafting its instructions which is only circumscribed by the requirement that the charge be fair to both sides.'" *United States v. Brand*, 467 F.3d 179, 205 (2d Cir. 2006) (quoting *United States v. Russo*, 74 F.3d 1383, 1393 (2d Cir. 1996)). Likewise, "[w]hile a defendant is entitled to any legally accurate jury instruction for which there is a foundation in the evidence, he does not have a right to dictate the precise language of the instruction. If the substance of a

2

defendant's request is given by the court in its own language, the defendant has no cause to complain." *United States v. Banki*, 685 F.3d 99, 105 (2d Cir. 2011) (citations omitted).

On appeal, the appellant bears the burden to show that "the requested instruction was legally correct, represented a theory of defense with a basis in the record that would lead to acquittal, and the charge actually given was prejudicial." *Desinor*, 525 F.3d at 198 (citations and internal quotation marks omitted). "De novo review leads us to find error if we conclude that a charge either fails to adequately inform the jury of the law, or misleads the jury as to the correct legal standard." *United States v. Sabhnani*, 599 F.3d 215, 237 (2d Cir. 2010) (quoting *United States v. Quattrone*, 441 F.3d 153, 177 (2d Cir.2006)).

Colella's sole contention on appeal is that the District Court's decision not to use his proposed instruction describing the buyer-seller exception prejudiced his right to a fair trial. He claims that the jury could have rejected the trial testimony of Joseph Brandt, Colella's supplier and co-defendant, as not credible. If so, he argues, there was little other evidence to support the Government's claim that Colella was a participant in a conspiracy to distribute cocaine instead of a buyer within the meaning of the buyer-seller exception.

In a literal sense, any drug deal constitutes a conspiracy to distribute drugs, regardless of the quantity of drugs sold or of the intentions of the parties to engage in an extended criminal enterprise. *See United States v. Parker*, 554 F.3d 230, 234 (2d Cir. 2009) ("As a literal matter, when a buyer purchases illegal drugs from a seller, two persons have agreed to a concerted effort to achieve the unlawful transfer of the drugs from the seller to the buyer. According to the customary definition, that would constitute a conspiracy with the alleged objective of a transfer of drugs."). But our case law has created a narrow exception to the general conspiracy rule to exempt "mere" buyers and sellers, those who transacted illegal drugs but did not belong to

3

broader distribution networks. Among other reasons, penalizing users buying drugs for their own consumption to the same degree as dealers working for criminal enterprises would be inconsistent with federal narcotics laws, which prescribe harsher penalties for dealers than for mere users. *See id*. at 235; *see also Hawkins*, 547 F.3d at 72 ("The rationale for holding a buyer and a seller not to be conspirators is that in the typical buy-sell scenario, which involves a casual sale of small quantities of drugs, there is no evidence that the parties were aware of, or agreed to participate in, a larger conspiracy.") (quoting *United States v. Medina*, 944 F.2d 60, 65 (2d Cir. 1991)).

In previous cases, this Court and others have identified certain factors relevant to the determination of whether or not a defendant falls within the exception, including the length of the relationship between the seller and buyer, the quantity of drugs transacted, and whether the seller permitted the buyer to purchase drugs on credit. *See, e.g.*, *United States v. Rojas*, 617 F.3d 669, 675 (2d Cir. 2010) ("While our Circuit has avoided listing factors to guide what is a highly fact-specific inquiry into whether the circumstances surrounding a buyer-seller relationship establish an agreement to participate in a distribution conspiracy, we have noted the relevance of certain factors identified by other circuit courts of appeal. For example, the existence of 'sales on credit'. . . ha[s] been used to distinguish between a buyer-seller relationship and a conspiratorial agreement.") (citations and internal quotation marks omitted); *United States v. Gibbs*, 190 F.3d 188, 200 (3d Cir. 1999) ("A credit relationship . . . often evidences the parties' mutual stake in each other's transactions."). We have also held that the exception "does not apply . . . where, [for example,] there is advanced planning among the alleged co-conspirators to deal in wholesale quantities of drugs obviously not intended for personal use. Under such circumstances, the participants in the transaction may be presumed to know that they are part of a broader

conspiracy." *Hawkins*, 547 F.3d at 72 (alterations in original) (quoting *Medina*, 944 F.2d at 65–66). Ultimately, "[t]he critical inquiry . . . is whether the evidence in its totality suffices to permit a jury to find beyond a reasonable doubt that the defendant was not merely a buyer or seller of narcotics, but rather that the defendant knowingly and intentionally participated in the narcotics-distribution conspiracy by agreeing to accomplish its illegal objective beyond the mere purchase or sale." *Id.* at 73–74.

On appeal, Colella bears the burden to show that his theory of defense—that he was a mere buyer—had a basis in the record that could have led to his acquittal. He has not met this burden. At Colella's trial, the jury heard recordings of 11 conversations between Colella and Brandt, in which the two discussed the cocaine business, Brandt's supplier woes, and Colella's customers' needs. Brandt also agreed to provide Colella with wholesale quantities of cocaine on credit. Indeed, Colella concedes that some of these conversations reflect that Brandt sold cocaine to Colella on credit, and that Brandt was aware Colella was reselling the cocaine. The recordings thus demonstrate Brandt's interest and investment in Colella's ability to resell the cocaine, and Colella's interest and investment in Brandt's ability to purchase more cocaine. *See Parker*, 554 F.3d at 236 ("[I]f we consider a hypothetical seller who is running a profit-motivated business of selling drugs in wholesale amounts, this seller may well realize that his buyers' ability to buy and pay for substantial amounts of drugs, and hence, his profit, will depend on the buyers' ability to resell."). Even without Brandt's testimony, these recordings provided ample evidence that Colella was more than a mere buyer.

Moreover, Colella has not pointed to any law or precedent holding that a particular jury instruction must be read if there is a possibility that the jury will doubt the credibility of a key witness. Brandt testified that he regularly and continuously sold cocaine to Colella over a seven-

5

year period. Brandt also provided commentary on the recorded conversations during his testimony, explaining how the calls revealed his interest in furthering Colella's "business," when, for example, he inquired about the needs of Colella's regular customers. Colella concedes that "the trial testimony of Joseph Brandt, if believed by the jury, would have made the 'buyer-seller' exception inapplicable." App. 281. Given that testimony, and the conversations between Brandt and Colella that were introduced into evidence, the District Court correctly found that there was no basis to support Colella's argument that the buyer-seller exception applied.

Colella has also failed to show how he was prejudiced by the District Court's instructions. The charge read to the jury accurately related the elements of the conspiracy charge that the Government had to prove, and included a specific reminder that proof that Colella purchased drugs was not sufficient to meet the Government's burden to show that Colella was part of a larger conspiracy. *See* App. 271 ("Although you may consider the fact that defendant Colella may have bought a controlled substance from a member of the charged conspiracy in determining whether or not defendant Colella has knowingly and intelligently joined the conspiracy, that alone would not be sufficient to reasonably conclude that the defendant Colella was a member of the charged conspiracy.").

The charge also instructed the jury that the Government needed to "prove beyond a reasonable doubt that defendant Colella knew of the objectives or goals of the conspiracy, that defendant Colella joined the conspiracy intending to help further or achieve those goals, and that defendant Colella and at least one other alleged conspirator arrived at some type of agreement or understanding that they, and perhaps others, would violate the drug laws by means of some common plan or course of action." App. 271–72. The instructions thus clarified that Brandt's "mere knowledge" that Colella intended to resell the drugs was insufficient to meet the

6

Government's burden to show that the two had a "common plan." If the jury doubted Brandt's credibility, and found that Colella intended to purchase cocaine but not to "further or achieve" the goals of the conspiracy, it could have voted to acquit him. It did not do so, and Colella has not shown how reading his requested instruction to the jury would have changed that outcome.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
